UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MORGAN LEE BEADLE,

                Plaintiff,

   v.

TOSHA WORDEN,

                Defendant.

Case No. C22-5140-JHC-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that Plaintiff's application to proceed with this action *in forma pauperis* be denied as moot.

## II. DISCUSSION

Plaintiff Morgan Beadle has presented to the Court for filing a prisoner civil rights complaint together with an application to proceed with this action *in forma pauperis*. *See* Dkt. 3.

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff alleges in his complaint that the lone Defendant identified therein, Tosha Worden, stole his identity when she took his name and social security number and used that information to steal Plaintiff's stimulus money. *Id*. at 4-5. Plaintiff seeks reimbursement of the $3,200 in stimulus money that he claims was stolen by Ms. Worden, and he also seeks additional compensatory and punitive damages totaling $3,000. *Id*. 5, 9.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Acting "under color of state law" requires that a defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). The only Defendant identified in Plaintiff's complaint is Ms. Worden who appears to be a private citizen, and Plaintiff does not allege any facts suggesting that Ms. Worden may be properly deemed a state actor for purposes of this civil rights action. Plaintiff's failure to identify any state actor as a Defendant is fatal to this action.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to adequately state a claim for relief under § 1983. The Court further recommends that Plaintiff's application to proceed with this action *in forma pauperis* be denied as moot. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 2

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 13, 2022**.

DATED this 15th day of April, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3